Maxwell, J.
The judge who tried this case below refused to allow, sign and seal the document tendered purporting to be the bill of exceptions, for what reason does hot appear from the record.
Attempt was made to attest and prove the same by affidavits, as provided by Mills’ Ann. Code, sec. 385, which contains the following:
“Provided, that when a bill of exceptions is sought to be preserved by affidavits, the opposite party shall have timely notice thereof, and may, within a reasonable time thereafter, file counter affidavits and the supreme court shall, upon notice and such proof as may be necessary, determine and settle what is the true bill in that behalf. ’ ’
There is nothing in the record presented here to indicate that the opposite party had timely or any notice that the document purporting to be the bill of exceptions would be sought to be preserved by affidavits.
Compliance with this requirement of the code is necessary to the preservation of a bill of exceptions by the method provided in section 385, supra.
Further, the affidavits attached to the document purporting to be the bill of exceptions do not show, and it nowhere appears from the record presented, that all of the evidence offered and introduced at *299 the trial is preserved in the record presented to this court, for which reason the sufficiency of the evidence to sustain the judgment cannot be inquired into, and the presumption prevails that the judgment was warranted by the evidence. — Behrman v. Strenahan, 15 Colo. App. 454.
The ease was tried below, by the court without a jury, upon an appeal from a justice court.
The questions presented here are based upon errors alleged to have taken place at the trial and as to the sufficiency of the evidence to sustain the judgment.
There being no bill of exceptions we cannot entertain the errors assigned.
The judgment must be affirmed.

Affirmed.